UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY ROBINSON, Individually
and on behalf of others similarly situated,

    Plaintiff,

v.

EARTH TECH (DE), LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY ROBINSON, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, EARTH TECH (DE), LLC, (hereinafter known as "DEFENDANT") and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Hernando County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County. At all times material Defendant was an employer as defined by the FLSA.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done

that is not less than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendant, 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10. Plaintiff was employed with Defendant as a full-time hourly employee from September 2015.

11. Plaintiff's job duties required him to travel away from his home community and to transport, load, stock, fuel and otherwise maintain the employer's vehicle which was necessary to perform the company's work at the various job sites.

12. On certain out of town jobs, Plaintiff was required to travel to the community with the particular job site on Sunday before commencement of the work on Monday. This was a mandated requirement of the Defendant because it did not want to risk the essential vehicle being held up in morning commute traffic thereby negatively impacting the scope of work.

13. During his employment Plaintiff was only paid for the work upon arrival at the job site and commencement of labor with the work crew.

14. Plaintiff was not compensated for hours worked and work activities performed at the direction and for the benefit of Defendant before arriving at the work sites. Such activities included:

    a. Travel time transporting the indispensable work vehicle.

    b. Travel time after performing required supervisory work activities at the start and end of a day.

    c. Travel time outside of his home community.

    d. Pre and post shift supervising responsibilities while at a work site.

    e. Other work activities indispensable to the work and for the benefit of Defendant.

15. During the week of September, Plaintiff complained about the unpaid travel time and other hours.

16. Just days later Plaintiff was called into the office believing he was going to have a follow-up discussion relating to his pay and travel concerns. Instead, without prior warning or discipline, Plaintiff was terminated.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

17. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

18. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

19. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

20. Plaintiff estimates that he worked an average of seventy hours per week. Defendant failed to comply with their statutory obligation to keep accurate time records.

21. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

22. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

23. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

24. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

25. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was

prohibited by the FLSA and/or showed reckless disregard about whether it was.

26.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

27.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

28.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a.     Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding prejudgment interest;

d.     Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     Determining that the FLSA was violated and an adjudication on the merits of the case;

f.      Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

29.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

30.     At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

31.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

32.     At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

33.     Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

34.     As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have

incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

36. Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant pursuant to Florida Statute Chapter 448.08.

37. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

38. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid

wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

40. Plaintiff was terminated from his employment with Defendant as a direct result of, and in retaliation for, his reporting and opposing the above described unlawful conduct.

41. The above described actions of Defendant constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

42. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation.  These losses are permanent or intermittent and will continue into the future.

43. As a result of Defendant's unlawful acts against Plaintiff, he has and will continue to incur damages as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable

attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 17th day of November 2021.

                                  FLORIN GRAY BOUZAS OWENS, LLC

                                  /s/Wolfgang M. Florin
                                  Wolfgang M. Florin
                                  Florida Bar No.: 907804
                                  wflorin@fgbolaw.com
                                  Christopher D. Gray
                                  Florida Bar No.: 902004
                                  cgray@fgbolaw.com
                                  16524 Pointe Village Drive, Suite 100
                                  Lutz, FL 33558
                                  Telephone (727) 220-4000
                                  Facsimile (727) 483-7942
                                  Attorneys for Plaintiff